IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A, AS TRUSTEE FOR PARK PLACE SECURITIES, INC. ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-WHQ4 | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-cv-335 |
| ELISA FREDERICK BRISCOE AND, SHARONDRA DOUGLAS, | § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Plaintiff Wells Fargo Bank, N.A, as Trustee for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2005-WHQ4 ("Plaintiff" or "Wells Fargo") complaining of Elisa Frederick Briscoe and Sharondra Douglas and files this *Original Complaint*, and respectfully shows unto the Court as follows:

**I.   PARTIES**

1.    Plaintiff is a "mortgagee" as is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2.    Decedent John Lewis Briscoe ("Decedent" or "Borrower") was a borrower under the loan agreement described below. Decedent John Lewis Briscoe passed away on or about July 22, 2020. Upon information and belief, no probate is open for Decedent's estates in the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedents' respective estates.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedent's estate, including an undivided interest in the Property, immediately upon his death. Each Heir is made a party in this proceeding.

4. Defendant Elisa Frederick Briscoe is a non-obligor signor of the security instrument described below and surviving spouse of Decedent. She is a citizen of the state of Texas and may be served with process at 2503 Deats Road, Dickinson, Texas 77539 or at any other place where she may be found. Summons is requested.

5. Defendant Sharondra Douglas is an heir and daughter of Decedent. She is a citizen of the state of Texas and may be served with process at 3200 Federal Road, Apt. 133, Pasadena, Texas 77504 or at any other place where she may be found.

## II.     PROPERTY

6. This proceeding concerns the real property and improvements commonly known as 2503 Deats Rd., Dickinson, Texas 77539 and more particularly described as follows:

> THE MOST SOUTHWESTERLY 65 FEET OF LOTS 1 AND 2, IN BLOCK 151 OF MOORE`S ADDITION, A SUBDIVISION IN GALVESTON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 92, PAGE 280 IN THE OFFICE OF THE COUNTY CLERK OF GALVESTON COUNTY, TEXAS.

(the "Property").

## III.     DIVERSITY JURISDICTION AND VENUE

7. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and the remaining Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

8. Plaintiff Wells Fargo is a national banking association and a trustee of a mortgage securitization trust. A trustee that possesses "customary powers to hold, manage and dispose of assets," is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see BAC Home Loans Servicing, LP v. Tex. Realty Holdings, LLC*, 901 F. Supp. 2d 884, 907–09 (S.D. Tex. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc.*, 136 S. Ct. 1012, 1016 (2016) (citing *Navarro*, 446 U.S. at 462–66). A national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004). Wells Fargo's main office is in South Dakota, making it a citizen of South Dakota for diversity jurisdiction.

9. The named Defendants are individuals and citizens of the state of Texas.

10. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

11. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the

amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

12.     Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Galveston County Appraisal District values the Property at $214,230.00. Therefore, the amount of controversy is met.

13.     Venue is proper in the Southern District of Texas, Galveston Division, because this suit concerns title to real property located in Galveston County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

## IV.     FACTS

14.     The foregoing paragraphs are incorporated by reference for all purposes.

15.     On or about June 17, 2005, Decedent John Lewis Briscoe executed a *Texas Home Equity Adjustable Rate Note (LIBOR Index (as Published in The Wall Street Journal)-Rate Caps) (Cash Out – First Lien)* (the "Note"), in the principal amount of $72,000.00, with an interest rate of 9.650% per annum and originally payable to Argent Mortgage Company, LLC ("Argent"), as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A**.

16. Concurrently with the execution of the Note, Decedent and Defendant Eliza Frederick Briscoe ("Borrowers") executed a *Texas Home Equity Security Instrument (First Lien)*, (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting Argent, its successors and assigns, a security interest in the Property. The Security Instrument was recorded on July 14, 2005, in the Official Public Records of Galveston County, Texas, as Instrument No. 2005047578. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

17. Barclays Capital Real Estate Inc. dba HomeEq Servicing, Attorney-In-Fact for Argent Mortgage Company transferred and assigned the Loan Agreement to Wells Fargo Bank, N.A. as Trustee under Pooling and Servicing Agreement dated August 1, 2005 Asset-Backed Pass-Through Certificates Series 2005-WHQ4. The *Assignment of Lien* (the "Assignment") was recorded on April 5, 2007, in the Official Public Records of Galveston County, Texas, as Instrument No. 2007021953. A true and correct copy of the Assignment is attached hereto as **Exhibit C**.

18. Subsequently, Argent Mortgage Company, LLC by its Attorney-In-Fact Citi Residential Lending Inc transferred and assigned the loan to Wells Fargo Bank, N.A. as Trustee for the Pooling and Servicing Agreement dated August 1, 2005 Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2005-WHQ4. The *Corporate Assignment of Deed of Trust* (the "Corrective Assignment") was recorded on January 31, 2017, in the Official Public Records of Galveston County, Texas as Instrument No. 2008064871. The purpose of the Corrective Assignment was to correct the Assignee on the Assignment referenced above. *See* discussion *supra* at ¶ 19. A true and correct copy of the Corrective Assignment is attached hereto as **Exhibit D**.

19.     Plaintiff is the current legal owner and holder of the Note. Plaintiff is also the mortgagee of the Security Instrument as that term is defined in section 51.0001 (4) of the Texas Property Code.

20.     Decedent John Lewis Briscoe passed away on or about July 22, 2020. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs, acquired all of their interest in the Property immediately upon their death, subject to the Loan Agreement debt owed to Plaintiff.

21.     Under the terms of the Loan Agreement, the Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

22.     The Loan Agreement further provides that should Borrowers fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

23.     The Loan Agreement is currently due for the October 1, 2021 payment, and all subsequent monthly payments. On August 23, 2022, a *Notice of Default* (the "Notice") was provided in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice is attached hereto as **Exhibit E**.

24.     The default was not cured, and the maturity of the debt was accelerated on February 21, 2023, when a *Notice of Acceleration of Loan Maturity* (the "Acceleration") was provided in accordance with the Security Instrument and the Texas Property Code. A true and correct copy of the Acceleration is attached hereto as **Exhibit F**.

25. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V. CAUSES OF ACTION

### A. DECLARATORY JUDGMENT

26. The foregoing paragraphs are incorporated by reference for all purposes.

27. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

### B. ENFORCEMENT OF STATUTORY PROBATE LIEN

28. The foregoing paragraphs are incorporated by reference for all purposes.

29. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to*

> *payment of debts, including estate and inheritance taxes;"* and

 c. Texas Title Examination Standards § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

30. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C. NON-JUDICIAL FORECLOSURE

31. The foregoing paragraphs are incorporated by reference for all purposes.

32. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired the Property subject to Decedent's debts.

### D. PUBLIC AUCTION

33. The foregoing paragraphs are incorporated by reference for all purposes.

34. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case

law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E. JUDICIAL FORECLOSURE

35. The foregoing paragraphs are incorporated by reference for all purposes.

36. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

37. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Galveston County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F. TRESPASS TO TRY TITLE

38. The foregoing paragraphs are incorporated by reference for all purposes.

39. Concurrent with Plaintiff acquiring all of Defendants' right, title, and interest in the Property by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff seeks a declaration and judgment that the Defendants are divested of all of their right, title, and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

### G. WRIT OF POSSESSION

40. The foregoing paragraphs are incorporated by reference for all purposes.

41. If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

### H. ATTORNEYS FEES

42. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code §§ 37.009 and 38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

## VI. CONDITIONS PRECEDENT

43. The foregoing paragraphs are incorporated by reference for all purposes.

44. In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property.

## VII.     PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument, and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedents' rights, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit; *and*

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
Southern District Admission #21340
mcronenwett@mwzmlaw.com

**SARAH SIBLEY COX**
Of Counsel
State Bar No. 24043439
Southern District Admission #39086
scox@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**